**FEATURE GROUP IP WEST, LLC, et al., Petitioners**

v.

**FEDERAL COMMUNICATIONS COMMISSION and United States of America, Respondents.**

**AT & T, Inc., et al., Intervenors.**

**No. 10–1257.**

United States Court of Appeals, District of Columbia Circuit.

May 27, 2011.

**8**

William Scott Mccollough, Mccollough Henry, PC, West Lake Hills, TX, for Petitioners.

Nandan M. Joshi, Counsel, Daniel Mcmullen Armstrong, III, Jacob M. Lewis, Austin C. Schlick, Richard Kiser Welch, Federal Communications Commission (FCC) Office Of General Counsel, Robert B. Nicholson, Robert J. Wiggers, U.S. Department Of Justice, Washington, DC, for Respondents.

Scott Harris Angstreich, Jeffrey Matthew Harris, Kellogg, Huber, Hansen, Todd, Evans & Figel, PLLC, Gary Liman Phillips, American Telephone & Telegraph Co., Washington, DC, Robert B. Mckenna, Qwest Communications International Inc., Denver, CO, Karen Zacharia, Verizon, Arlington, VA, for Intervenors.

Before: TATEL and GRIFFITH, Circuit Judges, and RANDOLPH, Senior Circuit Judge.

### JUDGMENT

PER CURIAM.

This appeal was considered on the record, the briefs, and the oral arguments of the parties. The court has accorded the issues full consideration and has determined they do not warrant a published opinion. *See* Fed. R.App. 36; D.C.Cir. R. 36(d). For the reasons stated below, it is

**ORDERED** and **ADJUDGED** that the petition for review be denied.

Petitioners, collectively referred to as Feature Group IP, challenge the Federal Communications Commission's denial of their petition for forbearance under section 10 of the Communications Act of 1934, as amended by the Telecommunications Act of 1996, 47 U.S.C. § 160. Specifically, Feature Group IP asked the FCC to forbear from applying exchange access charges under section 251(g) of the Communications Act, *id.* § 251(g), and related rules to "voice-embedded Internet communications" traffic—a subset of Voice over Internet Protocol or "VoIP" traffic, *see In re Feature Group IP Petition for Forbearance*, 24 FCC Rcd. 1571, 1573 ¶ 4 & n. 13 (2009); *see also Nuvio Corp. v. FCC*, 473 F.3d 302, 303 (D.C.Cir.2006) (describing VoIP as a service that "allows a caller using a broadband Internet connection to place calls to and receive calls from other callers using either VoIP or traditional telephone service"). In making this request, Feature Group IP argued that such traffic was not actually subject to exchange access charges under existing law and that instead reciprocal compensation charges under section 251(b)(5) applied. But if the FCC disagreed, Feature Group asked the

Commission to forbear from applying the legal provisions that could result in the imposition of access charges.

As an initial matter, we conclude that at least one Feature Group IP petitioner has standing to challenge the FCC's forbearance denial. *See World-Com, Inc. v. FCC,* 246 F.3d 690, 696 (D.C.Cir.2001) ("[T]he standing of one petitioner is enough."). Specifically, UTEX Communications Corporation ("UTEX") does business in Texas, transferring communications using Internet Protocol to local exchange carriers (LECs) who terminate the voice-embedded Internet communications traffic. With respect to some of its traffic, UTEX has been assessed exchange access charges by LECs in proceedings before the Texas state commission. Had the FCC provided Feature Group IP the relief it sought and ruled that exchange access charges should not apply to voice-embedded Internet communications traffic, it would have impacted the charges LECs can legally require UTEX to pay. *See generally* 47 U.S.C. § 252(c)-(e). Therefore, although Feature Group IP's statement in its opening brief establishing standing leaves much to be desired, we conclude that UTEX's Article III standing is evident from the administrative record. *See Sierra Club v. EPA,* 292 F.3d 895, 899–900 (D.C.Cir.2002).

Turning to the merits, we reject Feature Group IP's contention that the FCC acted improperly by assuming for the purpose of its forbearance analysis that section 251(g) and related Commission rules apply to the traffic at issue. Nothing in section 10 requires the FCC to determine a party's existing legal obligations before ruling on a forbearance petition. Moreover, our precedent makes clear that although the FCC must not deny a forbearance request "solely because the peti-

tion seeks forbearance from uncertain or hypothetical regulatory obligations," the Commission "may take into account [a petition's] conditional nature" when evaluating its merit. *AT & T Inc. v. FCC,* 452 F.3d 830, 836–37 (D.C.Cir.2006). If the FCC may take the petition's conditional nature into consideration, then it necessarily has discretion to leave the resolution of existing legal duties for other proceedings, as it has elected to do here. *See* Notice of Proposed Rulemaking, Connect Am. Fund; Developing a Unified Intercarrier Compensation, 76 Fed.Reg. 11,632, 11,645 ¶ 145 (Mar. 2, 2011) (seeking comment on "the appropriate intercarrier compensation framework for VoIP traffic"). To the extent Feature Group IP believes the FCC has unreasonably delayed resolution of legal issues, it may petition for mandamus. *See In re Core Commc'ns, Inc.,* 531 F.3d 849, 855 (D.C.Cir.2008).

Applying its assumption, the FCC explained that forbearing from rate regulation preserved by section 251(g) and related rules would mean that no rate regulation at all would govern voice-embedded Internet communications traffic, not, as Feature Group IP insisted, that section 251(b)(5)'s reciprocal compensation rules would apply by default. *See In re Feature Group IP Petition for Forbearance,* 24 FCC Rcd. at 1575–76 ¶¶ 8–9. As a result, the FCC concluded that Feature Group IP's request failed to satisfy the statutory criteria for forbearance because enforcement of section 251(g) and related rules was necessary to prevent a regulatory void that would have been inconsistent with the public interest, consumer protection, and the maintenance of just and reasonable charges and practices. *See id.* at 1576–78 ¶¶ 10–12; *see also* 47 U.S.C. § 160(a)(1)-(3). We find nothing arbitrary and capricious in that conclusion, and we reject Feature Group IP's assertion that grant-

ing forbearance would make reciprocal compensation charges automatically applicable. That argument is inconsistent with the plain language of section 251(g), which provides that exchange access "restrictions and obligations" for covered traffic remain in place until they "are *explicitly superseded* by regulations prescribed by the Commission." 47 U.S.C. § 251(g) (emphasis added).

Feature Group IP also claims the FCC erred by declining to consider its request for partial forbearance. According to Feature Group IP, it asked the FCC to rule that even if voice-embedded Internet communications are subject to exchange access charges, no LEC had the right to bill Feature Group IP because it was acting as a joint provider LEC rather than an interexchange carrier. In rejecting Feature Group IP's motion for reconsideration, the FCC determined that Feature Group IP failed to raise adequately this partial forbearance request in its initial petition. *See In re Feature Group IP Petition for Forbearance*, 25 FCC Rcd. 8867, 8875 ¶ 14 (2010). Having reviewed the record, we agree. In any event, the FCC also provided reasons for rejecting this partial forbearance request on the merits, and Feature Group IP forfeited any challenge to those reasons by failing to address them in its opening brief.

We have considered Feature Group IP's remaining arguments and conclude they are without merit.

The Clerk is directed to withhold issuance of the mandate herein until seven days after resolution of any timely petition for rehearing or rehearing en banc. *See* Fed. R.App. P. 41(b); D.C.Cir. R. 41.